# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 24, 2022

Lyle W. Cayce
Clerk

No. 21-60408
Summary Calendar

Francis Appiah-Kubi,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of
the Board of Immigration Appeals
No. A 203 602 236

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

Francis Appiah-Kubi, a native and citizen of Ghana, petitions for review of a decision of the Board of Immigration Appeals ("BIA") dismissing his appeal of a decision of the Immigration Judge (I.J.) concluding that he was ineligible for asylum, withholding of removal, and relief under the Conven-

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60408

tion Against Torture ("CAT"). He challenges the BIA's conclusions that he has not shown eligibility for asylum and withholding of removal because he failed to show past persecution or a well-founded fear of future persecution. We review his arguments under the substantial evidence standard. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Additionally, we review the decision of the BIA and consider the I.J.'s decision only insofar as it influenced the BIA. *See Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).

Appiah-Kubi raises the following contentions for the first time in his petition: (i) His fear that the Ghanaian police will persecute him is well-founded because Ghanaian law prohibits homosexuality and the law is not "fairly administered," and Ghanaians who are accused of homosexuality are pretextually arrested for other crimes, denied due process, and extorted; (ii) he has a well-founded fear of persecution by the Sarfo family and by the chief of his village; and (iii) there is a reasonable probability that he will be tortured if he returned to Ghana because the Ghanaian law criminalizing homosexuality "creates a pattern of violence against the LGBTQ community" and the "violence is often at the hands of government officials." Because Appiah-Kubi did not raise these arguments in his brief submitted to the BIA or in a motion to reopen or reconsider, we lack jurisdiction to consider them. *See* 8 U.S.C. § 1252(d)(1); *Martinez-Guevara v. Garland*, 27 F.4th 353, 360 (5th Cir. 2022); *Omari v. Holder*, 562 F.3d 314, 320–21 (5th Cir. 2009).

Appiah-Kubi has not shown that substantial evidence compels a conclusion contrary to that of the BIA on the issue whether he showed past persecution or a well-founded fear of future persecution. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481 (1992); *Zhang*, 432 F.3d at 344. Consequently, he has not established that substantial evidence compels a conclusion contrary to that of the BIA on the issue whether he showed eligibility for asylum or withholding. *See Elias-Zacarias*, 502 U.S. at 481; *Dayo v. Holder*, 687 F.3d

2

No. 21-60408

653, 658–59 (5th Cir. 2012).   Additionally, because we lack jurisdiction to consider all of Appiah-Kubi's arguments raised in support of his CAT claim, he cannot show that the record compels a conclusion contrary to the BIA's that he was not entitled to CAT relief.  *See Zhang*, 432 F.3d at 344.

The petition for review is DENIED IN PART and DISMISSED IN PART for want of jurisdiction.